(No. 4178

MARY FRANCES MOODY, WIDOW, ET AL., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1949.*

MARY FRANCES MOODY, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Mary Frances Moody, is the widow of Roy Kyle Moody, deceased, who was employed on February 28, 1949, as a state highway patrolman in the Department of Public Safety. On that day at approximately 10:00 A. M., while detailed to weighing trucks at the Cargill Soy Bean Mill located near the intersection of Sangamon Avenue and Illinois Terminal Railroad Tracks in the City of Springfield, Illinois, his police car was struck

by an Illinois Terminal Freight Train. Mr. Moody died at approximately 12:15 P. M. on the same day.

The record consists of the complaint, departmental report and brief and argument of respondent.

Said report is in words and figures as follows:

"On February 28, 1949, the date this cause of action arose, Mr. Roy Kyle Moody resided with his wife, Mary Frances Moody, at 311 W. Lawrence Avenue, Springfield, Sangamon County, Illinois. He was 55 years of age, but had no children under 16 years of age dependent upon him for support.

"Mr. Roy Kyle Moody was first employed by the Department of Public Works and Buildings, Division of State Police on July 2, 1930, as an automobile mechanic at a salary of $125.00 a month. He continued in this same classification and at the same salary rate until December 1, 1931, when he resigned to take other employment. On January 8, 1941, the Department of Public Safety, Division of State Police re-employed Mr. Moody as a police officer at a salary of $175.00 a month. He continued in this same classification until the day of his accident on February 28, 1949. During this last period of employment Mr. Moody received periodic salary increases. The last increase was on July 1, 1947, when his salary was increased from $213.00 to $235.00 a month. His earnings in the year preceding his injury totaled $2,820.00.

"February 28, 1949, Officer Moody together with other officers had been detailed by Lt. John S. Stuper to weigh trucks at the Cargill Soy Bean Mill located near the junction of U. S. 66 By-pass and Route U. S. 54. Due to the heavy traffic coming to a nearby stock yards on a relatively narrow road that passes the scales, Officer Louis Seeman, in charge of the weighing detail, decided to discontinue weighing trucks about 9:45 A.M. until the situation cleared. Officer Elmer J. Emerson was reached by radio, and Officer L. O. Cartwright walked over to Officer Moody's post and told him to discontinue sending trucks to the scales until further notice. Officer Cartwright returned to the scale house, and it is believed Officer Moody went to the Charles Restaurant located nearby for a cup of coffee. At approximately 10:00 A.M. Officer Moody was seen driving his police car slowly in a westerly direction on Sangamon Avenue toward a road on the right that leads to the Cargill Soy Bean Mill. The north, or right side of the pavement was lined with trucks waiting to be weighed, and as he drove past these waiting trucks, several drivers noticed that Mr. Moody's head was turned to the right as if making a visual inspection of the waiting trucks. His progress was so slow that all observers thought he was aware of an Illinois Terminal Freight train approaching from the south, and which would probably cross the highway ahead of Mr. Moody. This belief was strengthened by the fact that the locomotive

whistle was blowing, the bell was ringing, and the automatic traffic signal light and bell were flashing and ringing at the railroad crossing. Apparently Mr. Moody's preoccupation with other matters made him oblivious to these warning signals because he continued on at an estimated five miles per hour speed onto the tracks, where the left front of the car and the right front of the electric locomotive collided.

"The force of the moving train swung the front of the car to the north and threw it against the railroad crossing signal standard at the northeast corner of the intersection, breaking the standard off. The car came to rest a few feet north of the pavement slab and almost immediately burst into flame. One of the waiting truck drivers pulled Mr. Moody from the blazing car. His clothes had caught on fire, and he was badly burned in addition to a fracture of his right leg and chest injuries.

"The Division of State Police sent Mr. Moody to St. John's Hospital, Springfield, by ambulance, where Drs. Albert T. Kwedar and Darrell H. Trumpe gave first aid and such additional treatment as they thought necessary; however, Mr. Moody died at approximately 12:15 P.M. that same day.

"March 7, 1949, Dr. Albert T. Kwedar sent the following report to the Division of State Police:

'Patient's story of accident—Car hit by train. Name. of any other physician who served on this case—Dr. Darrell H. Trumpe. Was he your consultant or assistant?—Consultant. His address— Sangamon Avenue Road. Who authorized your services?—Patient. Nature of injury—Right hand charred, left hand charred, left leg and foot charred, comminuted fracture of right femur, fracture of sternum, crushing injury left ribs and chest with paroxymal respirations, burned eyes and hair and severe shock. Treatment— (1) shock: plasma and parental fluids administered, (2) immediate care of eyes, (3) debridement and vaseline pressure dressings to right and left hand, left leg and knee, neck and head, right chest and back, (4) immobilization fracture of right femur, (5) assisted Dr. Trumpe with surgery of left chest. Expired February 28, 1949.'

"March 15, 1949, the Division received the following report of Dr. Darrell H. Trumpe:

'Patient's story of accident—Police car was struck by an interurban, and the car caught fire. Patient unable to get out of car because of injuries. Name of any other physician who served on this case—A. T. Kwedar, M.D., 412 S. 7th Street, Springfield, Illinois. Was he your consultant or assistant?—Consultant. His address—412 S. 7th Street, Springfield, Illinois. Who authorized your services?—A. T. Kwedar, M.D. Nature of injury—Depression fractures 3rd, 4th and 5th ribs of left chest; possible fracture of sternum. Traumatic pneumothorax and possibly hemothorax, left lung. Possible contusion of heart. Extensive burns of face, body and

extremities. Comminuted fracture of right femur (burns and fracture of right femur and condition of shock was treated by Dr. A. T. Kwedar). Treatment—Treatment limited to chest. Under local anesthesia, skeletal traction was applied to the 3rd rib, anteriorly and elevation of rib cage; 5# of traction applied to maintain elevation. Remarks—Patient seen as an emergency consultation with Dr. A. T. Kwedar. Patient expired approximately one hour after the above treatment was completed in an emergency room.'

"The Division of State Police has paid the following creditors in connection with Mr. Moody's accident:

Dr. Albert T. Kwedar, Springfield....................$100.00
Dr. Darrell H. Trumpe, Springfield................... 75.00
St. John's Hospital, Springfield...................... 127.00
Charles T. Bisch & Sons (Amb.), Springfield......... 5.00

Total.........................................$307.00"

Upon consideration of the case, the Court finds it has jurisdiction of the parties hereto and of the subject matter; that the injury which resulted in the death of Mr. Moody arose out of and in the course of his employment; that the respondent had proper notice of the accident and the death of Mr. Moody and the application for claim was filed in proper time as provided under Section 24 of the Workmen's Compensation Act, as amended. We further find from this record that the deceased's annual earnings during the year immediately prior to his death amounted to the sum of $2,820.00, making his average weekly wage amount to the sum of approximately $54.00. His weekly compensation rate, therefore, would be $19.50 under the Workmen's Compensation Act, as amended and in force on July 1, 1947.

We further find that under Section 7 (a) of the Act, claimant is entitled to an award.

An award is hereby entered in favor of claimant, Mary Frances Moody, in the sum of $5,200.00. Of this sum there has accrued to September 23, 1949, the sum of $565.50, being 29 weeks at $19.50 per week, which is payable forthwith to her in lump sum.

The remainder of said award amounting to the sum of $4,634.50 is payable to claimant, Mary Frances Moody, at a weekly rate of $19.50 commencing September 27, 1949, for 237 weeks with one final payment in the sum of $13.00.

The future payments hereinabove set forth being subject to the terms of the Workmen's Compensation Act of Illinois, jurisdiction in this cause is hereby retained for the purpose of making further orders that may be from time to time necessary.

An award is also entered in favor of Hugo Antonacci for stenographic services in the sum of $16.00, which is payable forthwith. The Court finds that the amount charged is a fair and reasonable charge and customary, and said claim is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."